|||
|---|---|
| MEGAN ELLSWORTH,<br><br>                               Plaintiff,<br><br>v.<br><br>INTEGON NATIONAL INSURANCE COMPANY,<br><br>                               Defendant. | Case No.:  20-CV-1525 W (AGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DOC. 9]** |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

Defendant Integon National Insurance Company moves to dismiss Plaintiff Megan Ellsworth's Complaint under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the motion.

The Court decides the matter on the papers submitted and without oral argument.  Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss [Doc. 9].

1

I.  **BACKGROUND**

According to the First Amended Complaint ("FAC"), Defendant Integon National Insurance Company ("Integon") issued a homeowner's insurance policy to Plaintiff Megan Ellsworth.  (*FAC* [Doc. 17] ¶ 10.)  Under section I(A)(1), the policy provided coverage for "sudden and accidental direct physical loss to property described in Coverages A and B."  (*Id.* ¶ 18.)  However, the policy excluded coverage for "continuous or repeated seepage or leakage of water … over a period of weeks, months or years[.]" (*P&A* [Doc. 9-1], Ex. B [Doc. 9-2] at pp. 032–033.)

On or about January 7, 2019, a pipe burst in Ellsworth's home causing damage. (*Id.* ¶¶ 12, 14.)  On January 15, Integon representatives inspected the home and removed the broken pipe without Ellsworth's permission.  (*Id.* ¶ 13.)  When the broken pipe was repaired, there was no evidence of mold.  (*Id.* ¶ 15.)

On August 19, 2019, National General, on behalf of Integon, sent Ellsworth a letter denying her claim (the "Denial Letter").  (*FAC* ¶ 16; *Ex. A*.)  According to the letter, "the leakage on the pipe occurred intermittently over a span of months or years" and, therefore, was excluded under the policy.  (*Id.* ¶¶ 16, 19.)

On June 11, 2020, Ellsworth filed a lawsuit against Integon in the San Diego Superior Court for breach of contract, breach of the covenant of good faith and fair dealing ("bad faith") and intentional infliction of emotional distress.  (*See Compl.*[1])  On August 6, 2020, Integon removed the case to this Court based on diversity jurisdiction. (*Notice of Removal* ¶ 3.)  After Integon filed a motion to dismiss the Complaint, Ellsworth filed the FAC.  The FAC asserts causes of action for breach of contract, bad faith and negligence.  (*See FAC*.)  Integon now seeks to dismiss the FAC on the ground that there is no coverage under the Policy.

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A [Doc. 1-2].

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id. The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

### A. The FAC states a claim for breach of contract and bad faith.

Integon argues the FAC fails to state a claim because there is no coverage under the policy. In support of this argument, Integon relies on its Denial Letter, which states that coverage was excluded because the "leakage in the pipe occurred intermittently over a span of months to years." (*FAC* Ex. A at p. 8.) According to Integon, because Ellsworth attached the Denial Letter as an exhibit to the FAC, she has essentially incorporated the Denial Letter's facts into the FAC and conceded to its findings. (*Id.* 7:1–9:24.) This argument lacks merit for at least two reasons.

First, nowhere in the FAC does Ellsworth contend she agrees with the factual statements or the conclusions in Integon's Denial Letter. Nor has Integon cited any authority establishing that by attaching the letter to the FAC, Ellsworth has conceded to the Denial Letter's conclusion. Second, the FAC specifically alleges that "[w]hen the broken pipe was repaired there was no evidence of mold found." (*FAC* ¶ 15.) As explained in the opposition, this factual allegation was meant to dispute the Denial Letter's conclusion that the leak occurred over a span of months to years. (*See Opp'n* [Doc. 11] 5:26–6:1.) Because the FAC's allegation raises a dispute over whether the pipe's damage occurred over the span of months to years, Integon's motion lacks merit.

Next, Integon cites three cases—<u>Finn v. Continental Insurance Company</u>, 218 Cal.App.3d 69 (1990), <u>Freedman v. State Farm Insurance Company</u>, 173 Cal.App.4th 957 (2009) and <u>Brown v. Mid-Century Insurance</u>, 215 Cal.App.4th 841 (2013)—in support of its argument that there is no coverage under Ellsworth's policy. However, each of the cases involved motions for summary judgment. Accordingly, unlike this case, the courts were not required to accept the allegation that coverage existed under the policy.

For these reasons, the Court finds the FAC adequately pleads causes of action for breach of the policy and bad faith.

**B.     The FAC fails to state a claim for negligence.**

Ellsworth's negligence cause of action is premised on Integon's failure to provided claims-related documents under Insurance Code § 2071.  Integon contends this claim fails because California law does not recognize a cause of action for negligence pursuant to section 2071.  In her opposition, Ellsworth concedes the merits of this argument and agrees to "withdraw" the negligence cause of action.

## IV.     CONCLUSION & ORDER

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss [Doc. 9] and **DISMISSES** the negligence cause of action.

**IT IS SO ORDERED.**

Dated:  April 21, 2021

_____
Hon. Thomas J. Whelan
United States District Judge